DAVID C. SHONKA
Acting General Counsel
FAYE CHEN BARNOUW, CA Bar No. 168631
MARICELA SEGURA, CA Bar No. 225999
BARBARA Y.K. CHUN, CA Bar No. 186907
NICHOLAS M. MAY, DC Bar No. 979754
fbarnouw@ftc.gov; msegura@ftc.gov
bchun@ftc.gov; nmay@ftc.gov
Federal Trade Commission
10877 Wilshire Blvd., Ste. 700
Los Angeles, CA 90024
Tel: (310) 824-4343
Fax: (310) 824-4380

Attorneys for the Plaintiff
Federal Trade Commission

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MDK MEDIA INC., et al.,<br><br>　　　　　　Defendants. | Case No. 2:14-cv-05099-JFW (MRWx)<br><br>FINAL ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST DEFENDANTS JAMES MATTHEW DAWSON AND BEAR COMMUNICATIONS LLC |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its First Amended Complaint for Permanent Injunction and Other Equitable Relief for a permanent injunction, and other equitable relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). In order to resolve all matters in dispute in this action between them, the Commission and Defendants James Matthew Dawson and Bear Communications LLC have stipulated to resolve the pending litigation by entry of the attached Final Order for Permanent Injunction and Monetary Judgment Against Defendants

James Matthew Dawson and Bear Communications LLC ("Order") with the terms set forth below.

## FINDINGS

1. This Court has jurisdiction over the subject matter of this case and over all parties hereto.

2. The First Amended Complaint charges that Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in a scheme to place unauthorized charges on consumers' mobile telephone bills, a practice known as "cramming."

3. Settling Defendants James Matthew Dawson and Bear Communications LLC neither admit nor deny any of the allegations in the First Amended Complaint, except as specifically stated in this Order. Only for purposes of this action, Settling Defendants admit the facts necessary to establish jurisdiction.

4. Settling Defendants waive and release any claims that they may have against Plaintiff, the Commission, the Receiver, and their agents that relate to this action. Settling Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Settling Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Settling Defendants**" means the Individual Settling Defendant and the Corporate Settling Defendant, individually, collectively, or in any combination.

B. "**Corporate Settling Defendant**" means Bear Communications LLC and its dba's, successors, and assigns.

C. "**Individual Settling Defendant**" means James Matthew Dawson.

D.     "**Person**" means any individual, group, unincorporated association, limited general partnership, corporation, or other business entity.

## ORDER

**I.    BAN ON PLACING CHARGES ON TELEPHONE BILLS**

IT IS HEREBY ORDERED that Settling Defendants are permanently restrained and enjoined from billing, submitting for billing, or assisting or facilitating the billing or submitting for billing, charges to any telephone bill, including but not limited to a bill for any voice, text, or data service.

**II.   INJUNCTION AGAINST MISREPRESENTATIONS**

IT IS FURTHER ORDERED that, in connection with the advertising, marketing, promotion, offering for sale, sale, or distribution of any product or service, Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from making, or assisting others in making, expressly or by implication, any false or misleading representation, including representations concerning the cost, performance, efficacy, nature, characteristics, benefits, or safety of any product or service, or concerning any consumer's obligation to pay for charges for any product or service.

**III.  INJUNCTION AGAINST UNFAIR BILLING PRACTICES**

IT IS FURTHER ORDERED that, in connection with the advertising, marketing, promotion, offering for sale, sale, or distribution of any product or service, Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from causing any consumer to be billed for any product or service without having previously obtained the consumer's express informed consent, and having created and maintained a record of such consent.

## IV. MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A. Judgment in the amount of One Hundred Thirty Thousand Dollars ($130,000) is entered in favor of the Commission against Settling Defendants James Matthew Dawson and Bear Communications LLC, jointly and severally, as equitable monetary relief.

B. Settling Defendants are ordered to pay to the Commission Forty Thousand Dollars ($40,000), which, as Settling Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission. Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

C. The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Settling Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1. the Financial Statements of Individual Settling Defendant James Matthew Dawson signed on July 17, 2014, and February 11, 2015, including the attachments;

2. the Financial Statement of Corporate Settling Defendant Bear Communications LLC signed by James Matthew Dawson, Owner on July 12, 2014, including the attachments;

3. the additional documentation submitted by Settling Defendants' counsel to Commission counsel on July 30, 2014, February 6, 2015, February 9, 2015, and March 16, 2015, including tax returns and information, invoices, bank statements, declaration and other representations.

D.  The suspension of the judgment will be lifted as to any Settling Defendant if, upon motion by the Commission, the Court finds that Settling Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E.  If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Settling Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the First Amended Complaint), less any payment previously made pursuant to this Section and any other payment received by the FTC relating to that Settling Defendant's practices alleged in the First Amended Complaint, plus interest computed from the date of entry of this Order.

## V.  ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.  Settling Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.  The facts alleged in the First Amended Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.  The facts alleged in the First Amended Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.  Settling Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Settling

Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E.     All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Settling Defendants' practices alleged in the First Amended Complaint.  In addition, all money paid to the Commission pursuant to this Order may be used to pay the fees associated with the receivership in this matter, as approved in the Court's September 11, 2014 order.  Any money not used for such equitable relief or receivership fees is to be deposited to the U.S. Treasury as disgorgement.  Settling Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

F.     If a Settling Defendant is in default on any obligations under this Section, then the judgment amount, minus any payments previously made pursuant to this Section and any other payments received by the FTC relating to Settling Defendants' conduct, becomes immediately due.

G.     If any Settling Defendant fails to pay fully the amount due at the time specified, Settling Defendants must cooperate fully with the Commission and their representatives in all attempts to collect the judgment.  In such an event, Settling Defendants agree to provide federal and state tax returns for the preceding 2 years, and to complete new financial disclosure forms fully and accurately within 10 business days of receiving a request from the Commission.  Settling Defendants further authorize the Commission to verify all information provided on their

financial disclosure forms with all appropriate third parties, including financial institutions.

### VI. CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly:

A. failing to provide sufficient customer information in the Settling Defendants' possession or control to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Settling Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B. disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, telephone billing account, or other financial account), that any Settling Defendant obtained prior to entry of this Order in connection with the placement of charges on consumers' mobile telephone bills; and

C. failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

**VII. COOPERATION**

IT IS FURTHER ORDERED that Settling Defendants must fully cooperate with representatives of the Commission in this case and in any investigation or litigation related to or associated with the transactions or the occurrences that are the subject of the First Amended Complaint. Such Settling Defendants must provide truthful and complete information, evidence, and testimony. Such Individual Settling Defendant must appear and such Corporate Settling Defendant must cause Corporate Settling Defendant's officers, employees, representatives, or agents to appear for (1) interviews and/or discovery at a location within that Settling Defendants' county of residence, or at (2) hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 10 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

**VIII. ORDER ACKNOWLEDGMENTS**

IT IS FURTHER ORDERED that Settling Defendants obtain acknowledgments of receipt of this Order:

A. Each Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 3 years after entry of this Order, each Individual Settling Defendant for any business involved with placing charges on phone bills that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Settling Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in the placement of charges on phone bills; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.

Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.	From each individual or entity to which a Settling Defendant delivered a copy of this Order, that Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IX.	COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Settling Defendants make timely submissions to the Commission:

A.	One year after entry of this Order, each Settling Defendant must submit a compliance report, sworn under penalty of perjury:

1.	Each Settling Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with that Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Settling Defendant must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.	Additionally, Individual Settling Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in

9

detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 3 years after entry of this Order, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Settling Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Settling Defendant or any entity that any Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, Individual Settling Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. For 3 years after entry of this Order, each Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.	Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  FTC v. James Matthew Dawson and Bear Communications LLC, X140034.

## X.	RECORDKEEPING

IT IS FURTHER ORDERED that Settling Defendants must create certain records for 3 years after entry of the Order, and retain each such record for 2 years. Specifically, Settling Corporate Defendant and Individual Settling Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.	accounting records showing the revenues from all goods or services sold;

B.	personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.	records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.	all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.	a copy of each unique advertisement or other marketing material.

## XI.	COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Settling Defendants' compliance with this Order, including the financial representations

upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.     Within 14 days of receipt of a written request from a representative of the Commission, each Settling Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission is authorized to communicate directly with each Settling Defendant.  Settling Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Settling Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Settling Defendants or any individual or entity affiliated with Settling Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.     Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Settling Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

///

///

///

///

**XII.  RETENTION OF JURISDICTION**

　　　IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

IT IS SO ORDERED.

Dated: May 6, 2015

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Hon. John F. Walter
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE