FAYE CHEN BARNOUW, CA Bar No. 168631
MARICELA SEGURA, CA Bar No. 225999
fbarnouw@ftc.gov; msegura@ftc.gov
Federal Trade Commission
10990 Wilshire Blvd., Ste. 400
Los Angeles, CA 90024
Tel: (310) 824-4300
Fax: (310) 824-4380

Attorneys for the Plaintiff
Federal Trade Commission

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MDK MEDIA INC., et al.,<br><br>　　　　　Defendants. | Case No. 2:14-cv-05099-JFW-MRWx<br><br>STIPULATED ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS DARCY MICHAEL WEDD AND PHWOAR, LLC [241] |

　　　　Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its First Amended Complaint for Permanent Injunction and Other Equitable Relief for a permanent injunction, and other equitable relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b).  In order to resolve all matters in dispute in this action between them, the Commission and Defendants Darcy Michael Wedd and Phwoar, LLC ("Settling Defendants") have stipulated to resolve the pending litigation by entry of this Stipulated Order for Permanent Injunction and Other Equitable Relief ("Order") with the terms set forth below.

　　　　THEREFORE, IT IS ORDERED as follows:

1

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The First Amended Complaint charges that Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in a scheme to place unauthorized charges on consumers' mobile telephone bills, a practice known as "cramming."

3. Settling Defendants neither admit nor deny any of the allegations in the First Amended Complaint, except as specifically stated in this Order. Only for purposes of this action, Settling Defendants admit the facts necessary to establish jurisdiction.

4. Settling Defendants waive and release any claims that they may have against Plaintiff, the Commission, and their agents that relate to this action. Settling Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Settling Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A. "**Settling Defendants**" means the Individual Settling Defendant and the Corporate Settling Defendant, individually, collectively, or in any combination.

  1. "**Corporate Settling Defendant**" means Phwoar, LLC, and its dba's, successors, and assigns.

  2. "**Individual Defendant**" means Darcy Michael Wedd.

B. "**Person**" means any individual, group, unincorporated association, limited general partnership, corporation, or other business entity.

# ORDER

## I. BAN ON PLACING CHARGES ON TELEPHONE BILLS

IT IS HEREBY ORDERED that Settling Defendants are permanently restrained and enjoined from billing, submitting for billing, or assisting or facilitating the billing or submitting for billing, charges to any telephone bill, including but not limited to a bill for any voice, text, or data service.

## II. PROHIBITION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that, in connection with the advertising, marketing, promotion, offering for sale, sale, or distribution of any product or service, Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from making, or assisting others in making, expressly or by implication, any false or misleading representation, including representations concerning the cost, performance, efficacy, nature, characteristics, benefits, or safety of any product or service, or concerning any consumer's obligation to pay for charges for any product or service.

## III. PROHIBITION AGAINST UNFAIR BILLING PRACTICES

IT IS FURTHER ORDERED that, in connection with the advertising, marketing, promotion, offering for sale, sale, or distribution of any product or service, Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from causing any consumer to be billed for any product or service without having previously obtained the consumer's express informed consent, and having created and maintained a record of such consent.

## IV. CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Settling Defendants, Settling Defendants'

officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly:

     A.    disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, telephone billing account, or other financial account), that any Settling Defendant obtained prior to entry of this Order in connection with the placement of charges on consumers' mobile telephone bills; and

     B.    failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## V.  COOPERATION

IT IS FURTHER ORDERED that Settling Defendants must fully cooperate with representatives of the Commission in this case and in any investigation or litigation related to or associated with the transactions or the occurrences that are the subject of the First Amended Complaint.  Such Settling Defendants must provide truthful and complete information, evidence, and testimony.  Such Individual Settling Defendant must appear and such Corporate Settling Defendant must cause Corporate Settling Defendant's officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a

Commission representative may designate, without the service of a subpoena.

## VI.   ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Settling Defendants obtain acknowledgments of receipt of this Order:

A.   Each Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.   For 3 years after entry of this Order, each Individual Settling Defendant for any business involved with placing charges on phone bills that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Settling Defendant, must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for the placement of charges on phone bills and all agents and representatives who participate in the placement of charges on phone bills; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.   From each individual or entity to which a Settling Defendant delivered a copy of this Order, that Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII.   COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Settling Defendants make timely submissions to the Commission:

A.   One year after entry of this Order, each Settling Defendant must submit a compliance report, sworn under penalty of perjury:

1. Each Settling Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with that Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Settling Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, Individual Settling Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 3 years after entry of this Order, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Settling Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Settling Defendant or any entity that any Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or

any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, each Individual Settling Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Darcy Michael Wedd, et al., X140034.

## VIII. RECORDKEEPING

IT IS FURTHER ORDERED that Settling Defendants must create certain records for 3 years after entry of the Order, and retain each such record for 2 years. Specifically, Corporate Settling Defendant and Individual Settling Defendant for any business that such Defendant, individually or collectively with any other

Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

  A. accounting records showing the revenues from all goods or services sold;

  B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

  C. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

  D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

  E. a copy of each unique advertisement or other marketing material.

### IX. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Settling Defendants' compliance with this Order:

  A. Within 14 days of receipt of a written request from a representative of the Commission, each Settling Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

  B. For matters concerning this Order, the Commission is authorized to communicate directly with each Settling Defendant. Settling Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Settling Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Settling Defendants or any individual or entity affiliated with Settling Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Settling Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1)

## X. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated: November 16, 2023

Hon. John F. Walter
United States District Judge